UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 11-107

GREGORY STEWART, ET AL.                      SECTION: "G" (1)

ORDER AND REASONS

Before the Court is Defendant Terrioues Owney's ("Owney") Motion to Sever,[1] wherein he requests severance from the trial of co-defendants Gregory Stewart ("Stewart") and Evans Lewis ("Lewis"). The Court has considered the parties' filings, the oral arguments presented at a hearing on September 26, 2013, the record, and the applicable law. For the reasons that follow, the Court will grant the motion.

I. Background

A federal grand jury issued a Fourth Superseding Indictment on January 19, 2012, charging Owney with two felony counts related to his alleged participation in a conspiracy to possess with the intent to distribute one kilogram or more of heroin.[2] The conspiracy is alleged to have occurred from before December 2008 through December 20, 2011.[3] Specifically, the grand jury charged Owney, in Count 1, with participating in the conspiracy.[4] It also charged Owney, in Count 5, of using a telephone in furtherance of the drug-trafficking offense alleged in Count 1.[5]

---

[1] Rec. Doc. 396.

[2] *See* Rec. Doc. 208.

[3] *Id.* at 1–2.

[4] *Id.*

[5] *Id.* at 3.

Including Owney, the grand jury charged nine co-defendants with conduct related to the conspiracy.[6] Only co-defendants Owney, Lewis, Stewart, Darick Wallace, and Parnell Watts remain in the case.[7] Lewis and Stewart, the co-defendants from whom Owney seeks severance, were indicted in Count 11 for allegedly carrying and using a "40 caliber semi-automatic handgun" and a "7.62 caliber assault rifle" in relation to the conspiracy.[8] The grand jury further specially alleged that Stewart and Lewis killed Gregory Keys "after substantial planning and premeditation."[9]

The remaining defendants, including Owney, are scheduled for a joint trial to begin on January 21, 2014.[10] Owney filed this motion to sever his trial from that of Lewis and Stewart on January 12, 2013.[11] The Court scheduled the motion for submission on April 4, 2013, and later reset it, with oral argument, for September 26, 2013.[12] The Government filed its response in opposition on August 26, 2013.[13]

## II. Parties' Arguments

### A. Owney's Arguments in Support

Owney alleges that joinder of Defendants Stewart and Lewis would prejudice him at trial because the indictment charges co-conspirators Stewart and Lewis with use of firearms in furtherance of a drug trafficking crime, and intentionally carrying and using two firearms during and in

---

[6] *Id.* at 1.

[7] Rec. Doc. 520 at 1.

[8] Rec. Doc. 208 at 5.

[9] *Id.* at 6–7.

[10] Rec. Doc. 500.

[11] Rec. Doc. 396.

[12] Rec. Docs. 449, 468, 535.

[13] Rec. Doc. 520.

retaliation of a drug trafficking crime that resulted in murder.[14] Owney further argues that the trials should be severed because the jurors will not be able to "compartmentalize and separate the evidence as to each defendant," which will be "complex and voluminous" and liable to confuse the jury.[15] Along these lines, Owney contends that the Government's likely use of communications from wiretap interceptions will leave the jury struggling to assess the evidence separately against each defendant.[16]

**B. Government's Arguments in Opposition**

The Government argues that joinder of Owney with Lewis and Stewart is proper under Federal Rule of Criminal Procedure 8(a) because "[i]t is the rule, not the exception, 'that persons indicted together should be tried together, especially in conspiracy cases.'"[17] Here, even though Owney is not charged in Keys's murder, Count 1 alleges his involvement in the overall conspiracy to distribute heroin.[18] Following this logic, the Government asserts that severance of Owney from the trial of Stewart and Lewis is proper only if the Court determines that any prejudice the joinder causes "outweighs the benefit of judicial economy."[19] Moreover, the Government asserts that the Court may limit any potential prejudice by issuing the jury limiting instructions. Finally, the Government asserts that Owney "has not carried his burden of showing that there is a serious risk that a joint trial would prejudice him."[20] It contends that Owney has offered no specific showing of either why the jury cannot compartmentalize the

---

[14] Rec. Doc. 396-1 at 1–2.

[15] *Id.* at 2.

[16] *Id.*

[17] Rec. Doc. 520 at 3 (quoting *United States v. Thomas*, 627 F.3d 146, 156 (5th Cir. 2010)).

[18] Rec. Doc. 208.

[19] Rec. Doc. 520 at 4 (citations omitted).

[20] *Id.* at 7.

evidence to be presented against each defendant or why limiting instructions from the Court cannot cure any threat of prejudice.[21]

### III. Law and Analysis

A court may order severance of the trials of joint defendants if joinder of offenses or defendants will prejudice a defendant.[22] The district court has broad discretion to determine whether to sever the trials of joint defendants.[23]

Owney contends that the jury will be unduly prejudiced against him when it considers evidence of the murder that Lewis and Stewart are alleged to have committed. Owney generally suggests that the jury will not be able to follow the Court's instructions or be able to "compartmentalize" evidence related to separate offenses and separate defendants.

Meanwhile, the Government cites *United States v. Posada-Rios*, wherein the Fifth Circuit held that evidence of co-conspirators' "gruesome murders," committed before a co-defendant even joined the conspiracy, was not enough to compel severance because the "district court took a number of steps to lessen the prejudice to individual defendants from a joint trial."[24] Those steps included instructions to both potential jurors during voir dire and the empaneled jurors that "the case against each individual defendant should be considered separately."[25] The district court also allowed the jurors to take notes and to use photographs of the defendants "to enable the jurors to keep the defendants separate in their minds."[26] Finally, the court instructed the jury

---

[21] *Id.*

[22] F. R. of Crim. P. 14(a).

[23] *Id.*

[24] 158 F.3d 832, 863 (5th Cir. 1998).

[25] *Id.*

[26] *Id.*

before its deliberations that it must "give separate consideration to the evidence against each defendant."[27]

The Court notes, however, that *Posada-Rios*, like the other cases the Government cites in support, examined whether the district court abused its discretion in *denying* severance. The government has failed to provide any case where the district court abused its discretion in *granting* severance once it determined that a joint trial posed a risk of prejudice to one or more co-defendants.

The Court agrees with Defendant that trying him with Lewis and Stewart creates a risk of prejudice in that the jury might impermissibly incorporate the evidence of the charged murder into the Government's conspiracy case against Owney.[28] The Court acknowledges that Fifth Circuit precedent allows the Court to issue limiting instructions to cure such potential prejudice. However, absent any authority *requiring* that remedy, and in light of the clear language of Rule 14 that the choice of remedy rests in the Court's discretion, the Court will order severed trials in this matter. The co-defendants who have not been charged with murder shall be tried together, and, for the reasons set forth in the Court's separate Order and Reasons granting the motion to sever filed by Lewis and Stewart, those two defendants shall be tried individually.

## IV. Conclusion

For the foregoing reasons, the Court finds that joinder of Owney in the trial of either Stewart or Lewis would be prejudicial to his constitutional rights. The Court further finds that

---

[27] *Id.* at 864.

[28] *See Zafiro v. United States*, 506 U.S. 534, 539 ("When many defendants are tried together in a complex case and they have markedly different degrees of culpability, th[e] risk of prejudice is heightened."); *see also United States v. McRae*, 701 F.3d 806 (5th Cir. 2012) (reversing conviction of police officer for killing suspect because evidence of co-defendants' crimes was highly prejudicial and unrelated to officer's defense).

any prejudice that joinder causes "outweighs the benefit of judicial economy" in trying the defendants together.

  **IT IS HEREBY ORDERED** that Owney's Motion to Sever Defendant is **GRANTED**;[29]

  **IT IS FURTHER ORDERED** that Owney shall be tried with co-defendants Wallace and Watts;

  **NEW ORLEANS, LOUISIANA**, this __16th___ day of December, 2013.

           **NANNETTE JOLIVETTE BROWN**
           **UNITED STATES DISTRICT JUDGE**

---

[29] Rec. Doc. 396.